FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 10 2026

MITCHELL R. ELFERS
CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| OMAR M. ALGHIZAWAT, | ) Civil Action No. ___________ |
| Plaintiff, | ) CV 26-1118 LF |
| v. | ) |
| AMANDA M. FENNELLY, | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES
## JURY TRIAL DEMANDED

Plaintiff Omar M. AlGhizawat, proceeding pro se, brings this action against Defendant Amanda M. Fennelly and alleges as follows:

### I. PARTIES

1. Plaintiff Omar M. AlGhizawat is a former Staff Sergeant of the United States Air Force who resided and was stationed at Kirtland Air Force Base, Albuquerque, New Mexico during the events giving rise to this action. He currently resides at 1801 Betts Street NE, Albuquerque, New Mexico 87112.

2. Defendant Amanda M. Fennelly is a Technical Sergeant in the United States Air Force currently assigned to the 437th Airlift Port Squadron, Joint Base Charleston, South Carolina. During the events giving rise to this action she was assigned to the 351st Special Warfare Training Squadron at Kirtland Air Force Base, New Mexico.

### II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). The parties are citizens of different states — Plaintiff is domiciled in New Mexico and Defendant is domiciled in South Carolina — and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2). A substantial part of the events and omissions giving rise to Plaintiff's claims occurred at Kirtland Air Force Base, Albuquerque, New Mexico.

## III. FACTUAL ALLEGATIONS

### A. Defendant's Lack of Any Formal Authority

5. The 351st Special Warfare Training Squadron maintained a formal system for designating interim First Sergeants during the absence of the primary First Sergeant. Each designation was issued by the acting First Sergeant of record via official email memorandum to unit personnel and specified the designee, the coverage period, and applicable contact information.

6. The 351 SWTS Interim First Sergeant Announcements Log, compiled from 19 official email memoranda and one group chat log, documents every formal interim First Sergeant designation issued within the unit from May 2021 through November 2025. It records 21 total designation events covering 11 individuals.

7. The designation immediately preceding the events at issue is Entry 16: TSgt Jason Wood, March 27 through April 8, 2024, appointed by MSgt Brent Wachter. The designation immediately following is Entry 17: TSgt Joshua Ruiz, February 14 through 24, 2025, appointed by MSgt Joshua Campbell.

8. There is no designation covering any date in June 2024. Defendant Fennelly held no formal interim First Sergeant designation on June 24, 25, 26, or 27, 2024.

9. Defendant Fennelly's two actual formal designations were Entry 12 (July 27–31, 2023, five days) and Entry 18 (March 26, 2025, open-ended). Neither covers June 2024.

10. The First Sergeant of record during June 2024 was MSgt Brent Wachter, the 351 SWTS/CCF from approximately July 2023 through February 2025.

*(Source: 351_SWTS_Interim_First_Sergeant_Log.pdf, compiled 12 January 2026, Entries 12, 16, 17, 18; First Sergeants of Record summary table)*

### B. The False Statements and Their Publication

11. On June 25, 2024, Defendant Fennelly authored a Memorandum for Record documenting events of that date. She signed the document under the title '351 SWTS, Interim First Sergeant' — a title she did not hold. She caused the document to be transmitted to and relied upon by MSgt Joshua Degenhardt, Maj Courtney Bailey, and Lt Col Levi Cass.

12. On June 26, 2024, Defendant Fennelly authored a second Memorandum for Record, again signed under the same false title, and caused it to be transmitted to and relied upon by the same command personnel.

*(Source: ROB_15_GovtExhibit17_ROI_EmbeddedCopy.pdf, signature block and distribution)*

13. The Memoranda for Record contain the following false statements of fact published to MSgt Degenhardt, Maj Bailey, and Lt Col Cass:

(a) That Plaintiff made statements on June 25, 2024 expressing that he hoped his wife would die, how he would like it to happen, and how he hoped he would be able to watch — characterizing Plaintiff as having made death threats against his wife;

(b) That Plaintiff remained 'extremely agitated' throughout and his 'body was visibly shaking' and he was 'raising his voice' — characterizing Plaintiff as violent and dangerous; and

(c) That these characterizations were made by a person with command authority over Plaintiff who was designated to document such matters — a predicate that was false, as Defendant held no such designation.

*(Source: ROB_15_GovtExhibit17_ROI_EmbeddedCopy.pdf, MFR paragraph 3)*

14. Separate from the MFRs, Defendant Fennelly made oral representations to MSgt Degenhardt, Maj Bailey, and Lt Col Cass characterizing Plaintiff as dangerous, threatening, and in need of command-level intervention. She made these representations without any formal authority and without personal knowledge of the facts she asserted.

*(Source: ROB_15_GovtExhibit17_ROI_EmbeddedCopy.pdf, MFR paragraph 3: 'TSgt Fennelly decided that her concerns needed to be discussed with Senior Degenhardt and Maj Courtney Bailey as the acting SEL and Commander. Once discussed, Maj Levi Cass was called.')*

15. On July 31, 2025, Defendant Fennelly testified at Plaintiff's administrative discharge board and introduced five accusations that had never been investigated by the Air Force Office of Special Investigations, never documented in the 209-page AFOSI Record of Investigation, and never disclosed to Plaintiff's defense counsel prior to the board. These accusations included allegations of death threats, harassment of female coworkers, and religious discrimination. None of the five accusations was corroborated by any documentary evidence or independent witness.

*(Source: ROB_10_Transcript_31Jul2025_FennellyTestimony_Closings.pdf, Pages 457–476)*

**C. The Pattern of Fabrication**

16. During her board testimony, Defendant Fennelly testified under oath that Government Exhibit 17 — the two MFRs she authored — was co-authored with 'the actual First Sergeant, Sergeant Hubel.' No individual named Hubel served in any capacity at the 351 SWTS or Kirtland AFB. The name does not appear in any unit personnel record or in the 209-page AFOSI Record of Investigation.

17. During the same testimony, Defendant Fennelly named 'Sergeant Engel' as a member of the leadership team she consulted about Plaintiff. No individual named Engel served in any capacity at the 351 SWTS or appears in any verifiable unit record.

18. During the same testimony, Defendant Fennelly named 'Chief White' as a member of the leadership team she consulted about Plaintiff. No individual named White served in the Chief or Senior Enlisted succession of the 351 SWTS or appears in any verifiable unit record.

19. The verified First Sergeant succession for the relevant period was MSgt Silva, MSgt Wachter, MSgt Campbell, and MSgt Golden. The verified Senior Enlisted succession was Chief Dagenhart and CMSgt Fike. None of the three names Defendant provided under

oath correspond to any person in either succession.

*(Source: ROB_10_Transcript_31Jul2025_FennellyTestimony_Closings.pdf, Page 458, Lines 1–2; Page 472, Line 1432; 351_SWTS_Interim_First_Sergeant_Log.pdf)*

**D. Damages**

20. The false statements Defendant made in the MFRs and to the command chain in June 2024 initiated a chain of events that culminated in Plaintiff's administrative separation from the United States Air Force on November 30, 2025 under an Under Other Than Honorable Conditions characterization.

21. As a direct and proximate result of Defendant's false statements, Plaintiff suffered and continues to suffer: loss of military career and all associated income; loss of retirement eligibility; loss of military benefits including healthcare, housing allowance, and education benefits; severe and ongoing damage to professional reputation; severe emotional distress; and economic losses in an amount to be proven at trial.

## IV. CLAIMS FOR RELIEF

**COUNT I — DEFAMATION PER SE**

22. Plaintiff realleges and incorporates by reference all preceding paragraphs.

23. Defendant Fennelly made false statements of fact about Plaintiff to identified third parties — specifically MSgt Degenhardt, Maj Bailey, and Lt Col Cass — including that Plaintiff made death threats against his wife, that Plaintiff was violent and dangerous, and that these characterizations were made by a person with command authority who had documented them in official records.

24. Each of these statements was false. Defendant held no command authority in June 2024. The statements impute the commission of criminal conduct and damage Plaintiff in his military profession. They are therefore defamatory per se under New Mexico law, and Plaintiff need not prove special damages.

25. Defendant made these statements with knowledge of their falsity or with reckless disregard for their truth or falsity, as evidenced by the pattern of fabricating non-existent personnel across multiple statements and documents.

26. As a direct and proximate result, Plaintiff suffered the damages described in paragraph 21 above.

**COUNT II — FALSE LIGHT INVASION OF PRIVACY**

27. Plaintiff realleges and incorporates by reference all preceding paragraphs.

28. Defendant's false statements, communicated to command personnel and through official military channels, placed Plaintiff before the command structure and ultimately before the administrative discharge board in a false light — specifically as a violent, threatening individual who had made death threats against his wife, harassed female coworkers, and

engaged in religious discrimination.

29. This false light would be highly offensive to a reasonable person. A service member characterized as violent and threatening faces separation, criminal investigation, reputational destruction, and loss of livelihood.

30. Defendant acted with actual malice — knowledge of the falsity of the characterizations or reckless disregard for their truth — as demonstrated by the fabrication of three non-existent persons used to lend credibility to her false narrative.

31. As a direct and proximate result, Plaintiff suffered the damages described in paragraph 21 above.

**COUNT III — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

32. Plaintiff realleges and incorporates by reference all preceding paragraphs.

33. Defendant's conduct was extreme and outrageous. Without any formal authority, Defendant assumed a command role, drafted and signed official military records under a false title, issued a void command order, transmitted false characterizations of Plaintiff to his chain of command, and then appeared under oath at Plaintiff's discharge board to introduce five unverified accusations — three of which she attributed to persons who do not exist.

34. Defendant acted intentionally or with reckless disregard for the probability that her conduct would cause Plaintiff severe emotional distress.

35. Plaintiff suffered and continues to suffer severe emotional distress as a direct and proximate result of Defendant's conduct, including loss of his military career, separation under an adverse characterization, separation from his family, and destruction of his professional reputation.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant on all counts;

B. Award compensatory damages in an amount no less than $2,500,000.00, including damages for loss of military career and all associated income, loss of retirement eligibility, loss of military benefits including healthcare and education benefits, denial of leave sell-back and separation pay, reputational harm, and severe emotional distress;

C. Award presumed damages without proof of special harm, the statements at issue being defamatory per se;

D. Award punitive damages of no less than $1,500,000.00, in light of Defendant's deliberate fabrication of three non-existent persons under oath and her pattern of false statements made with knowledge of their falsity and without any lawful authority;

E. Award total damages of no less than $4,000,000.00;

F. Award such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

OmarAlGhizawat

**Omar M. AlGhizawat**

Pro Se Plaintiff

1801 Betts Street NE

Albuquerque, New Mexico 87112

(480) 231-0414

OmarGhizawat@live.com

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Omar M. AlGhizawat | Amanda M. Fennelly |
| (b) County of Residence of First Listed Plaintiff: Bernalillo *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant: Charleston *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Pro Se<br>Omar M. AlGhizawat | Attorneys *(If Known)*<br>Unknown at time of filing |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☒ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a)

Brief description of cause:
Defamation per se, false light, and IIED arising from false statements in military records and under oath

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 4000000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ____ DOCKET NUMBER ____

DATE: 4/9/2026

SIGNATURE OF ATTORNEY OF RECORD: Omar M. AlGhizawat

OmarAlGhizawat

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Mexico

District of

| | | |
|---|---|---|
| Omar M. AlGhizawat<br><br>*Plaintiff(s)*<br>v.<br>Amanda M. Fennelly<br><br>*Defendant(s)* | ) | Civil Action No. [To Be Assigned] |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* TSgt Amanda M. Fennelly
437th Airlift Port Squadron
Joint Base Charleston, SC

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Omar M. AlGhizawat
1801 Betts Street NE
Albuquerque, New Mexico 87112
(480) 231-0414
OmarGhizawat@live.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. [To Be Assigned]

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* Amanda M. Fennelly
was received by me on *(date)* ____________ .

❒ I personally served the summons on the individual at *(place)* ____________
____________ on *(date)* ____________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ____________
____________ , a person of suitable age and discretion who resides there,
on *(date)* ____________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ____________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ____________
____________ on *(date)* ____________ ; or

❒ I returned the summons unexecuted because ____________ ; or

❒ Other *(specify):*

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

____________
*Server's signature*

____________
*Printed name and title*

____________
*Server's address*

Additional information regarding attempted service, etc:

CERTIFIED MAIL

9589 0710 5270 1570 3464 34

Retail

RDC 99

87102

U.S. POSTAGE PAID
FCM LG ENV
ALBUQUERQUE, NM 87112
APR 09, 2026

$2.72

S2324D502863-91

From:
Omar M. AlGhizawat
1801 Betts St NE,
Albuquerque, NM 87112

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
APR 10 2026
MITCHELL R. ELFERS
CLERK

To:

Office of the Clerk
United States District Court
District of New Mexico
333 Lomas Blvd NW, Suite 270
Albuquerque, NM 87102

Retail

RDC 99

87102

U.S. POSTAGE PAID
FCM LG ENV
ALBUQUERQUE, NM 87112
APR 09, 2026

$5.30

S2324D502863-91