**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

OMAR M. ALGHIZAWAT,

Plaintiff,

v. Case No. 1:26-cv-01118-MLG-LF

AMANDA M. FENNELLY,

Defendant.

**ORDER**

This matter comes before the Court on 1) plaintiff's Motion for Exemption from PACER Electronic Public Access Fees (Doc. 25) and 2) plaintiff's Motion for Order Directing Service on the United States (Doc. 27).

Mr. Alghizawat first requests to be exempted from paying fees to review case documents electronically via PACER. Such exemptions are "uncommon" and "in forma pauperis status alone does not support a request to waive PACER fees." *Crump v. Johnson Cnty. Bd. of Comm'rs*, 2025 WL 2550216, at *1 (D. Kan. May 29, 2025). Mr. Alghizawat has not demonstrated any unique difficulties in accessing his documents. As a party to his own cases, he has access to one free copy of each docket filing in his cases, and he can download or print those copies to review at a later time. Alternatively, if he prefers, he can "withdraw his request to receive electronic filings and return to receiving copies of all filings by mail," in which case he would not need to use PACER to litigate this case. *Id.* Accordingly, the Court DENIES the motion for exemption from PACER fees. Doc. 25.

Mr. Alghizawat next moves for "an order directing the Clerk to provide a copy of the summons and of the First Amended Complaint (Doc. 6) to the United States Marshals Service,

and directing the Marshals Service to serve them on the United States in the manner prescribed by Fed. R. Civ. P. 4(i)(1).” Doc. 27 at 2. The United States has filed a notice of substitution of party (Doc. 29) and entered the case, so, to the Court’s knowledge, service on the United States either was completed or no longer is necessary. The motion for service (Doc. 27) therefore is DENIED AS MOOT.

It is so ordered.

**THE PARTIES ARE NOTIFIED that pursuant to Local Rule 73.1(a), a magistrate judge is assigned to this case “to preside over all non-dispositive pre-trial matters in accordance with FED. R. CIV. P. 72(a).” D.N.M.LR-Civ. 73.1(a). “A party may serve and file objections to [a magistrate judge’s order on a non-dispositive pre-trial matter] within 14 days after being served with a copy.” FED. R. CIV. P. 72(a). The party’s objections must be both timely and specific to preserve an issue for review by the district court or appellate court. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). If objections are timely filed, the district judge must consider the objections, but will only set aside those parts of the magistrate judge’s order which are “clearly erroneous” or “contrary to law.” FED. R. CIV. P. 72(a). If objections are not timely filed, the firm waiver rule applies. *See Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 781–83 (10th Cir. 2021) (“the firm waiver rule applies when a party fails to object to a magistrate judge’s non-dispositive ruling under Rule 72(a)”). “Under the firm waiver rule, a party who fails to make a timely objection to the magistrate judge’s ruling waives appellate review of both the factual and legal questions.” *Id.* at 781 n.23 (citations and alteration omitted); *see also* FED. R. CIV. P. 72(a) (“A party may not assign as error a defect in the order not timely objected to.”).**

LAURA FASHING
UNITED STATES MAGISTRATE JUDGE